## Case No. 16,190a.

### UNITED STATES v. ROLIGER.

[28 Int. Rev. Rec. 314.]

District Court, S. D. Illinois. Feb. 22, 1882.

VIOLATION OF INTERNAL REVENUE LAWS—RETAILING LIQUORS—CLUBS OR ASSOCIATIONS.

[In order to procure liquors and beer to drink, a number of persons formed a voluntary association, to which they paid an initiation fee. With the fund thus raised a stock of liquors was purchased, and the same were dealt out by an officer of the association to members only, upon paying for each drink a sum fixed therefor; the purpose being not to make a profit, but merely to realize a sum with which to keep up the stock. *Held*, that the association constituted a partnership for the sale of liquors at retail, without paying the special tax, and that each member thereof was guilty of violating the statute.]

[Cited in U. S. v. Giller, 54 Fed. 660.]

Indictment for carrying on business as retail liquor dealer without paying special tax.

In the summer of 1881 the defendant, Roliger, and about thirty others, in Assumption, Illinois, united themselves in a voluntary association for the purpose of providing themselves with liquor and beer to drink as they wanted it, the village of Assumption refusing to license the sale of liquor or beer. The plan of the association thus formed was that each person, on becoming a member, should pay one dollar, which went into the treasury, and so a fund was raised with which to purchase the first stock of liquor. They rented a room, hired a man to take charge of the room and liquors, and it was his duty to make the purchases in the name of the association, and dispense the liquors to members of the association only, each member paying for his liquor such price as a committee of the association fixed, and the price to be fixed so that no profit should be made, but so that the stock of liquors might be kept up, and room rent and wages be paid. The association paid no

special tax as retail liquor dealer, and, on being required to do so, the members, after taking counsel, refused to pay, taking the ground that the association was not selling liquor, as the liquor belonged to the members, and none but the members were allowed to partake of it. Thereupon the individual members of the association were indicted by the grand jury of the district court for the Southern district of Illinois, and this case against Fred. Roliger, one of their number, was selected as a test case, and tried before a jury at the January term, 1882, of said court, the trial resulting in the conviction of the defendant, whereupon all the others indicted pleaded guilty.

James H. Connolly, U. S. Atty., and E. T. Roe, Asst. U. S. Atty.

J. C. Robinson and F. W. Burnett, for defence.

THE COURT (TREAT, District Judge) instructed the jury that under the facts, as stated, each member of the association was liable for carrying on business as retail liquor dealer without paying the special tax, and the fact that the business was being carried on without any attempt to make a profit out of it made no difference, as the law requires those who sell or offer for sale malt or spirituous liquors, shall pay the special tax, without reference to whether the selling or offering for sale is done for the sake of profit or not; and the fact that none but members of the association were allowed to partake of the liquor made no difference. The association was a partnership, in which all the members seem to have been equal partners, and liquors, when purchased in bulk, belonged to the partnership; but when the individual partner went to the clerk of the concern, and obtained from him a drink of the partnership liquor, and paid the clerk for that drink at the price fixed, that was a purchase of so much liquor from the partnership, and it was a sale of so much liquor by the partnership to this individual partner, and for so carrying on business the partnership should have paid a special tax as retail liquor dealers, and having failed and refused to do so, each member of the partnership became liable to the criminal provision of the law.